**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| NORTH AMERICAN FACTORY FOR TECHNOLOGICALLY ADVANCED AIRCRAFT, LLC., | : : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO.: 1:10-CV-037 (WLS) |
| WEATHERLY AIRCRAFT COMPANY AND MARK D. WEISSMAN, | : : : | |
| Defendants, | : : : | |
| And | : : | |
| MARK D. WEISSMAN, | : : | |
| Defendant/Third-Party Plaintiff, | : : | |
| v. | : : | |
| WEATHERLY AIRCRAFT NEVADA, INC., RICHARD CORLINE, HENRY J. GANNETT, THE GANNETT FAMILY LIMITED PARTNERSHIP, and MP2 TECHNOLOGIES, INC. | : : : : : : | |
| Third-Party Defendants. | : : | |

**ORDER**

Presently pending before the Court is Plaintiff North American Factory for Technologically Advanced Aircraft, LLC's ("NAFTAA's") Motion for Summary Judgment Against Henry J. Gannett (Docs. 93, 94) and Defendant/Third-Party Plaintiff Mark D. Weissman's Motion for Summary Judgment Against Third-Party Defendant Henry J. Gannett (Doc. 90). On August 6, 2013, the Court entered a judgment declaring that

1

Henry J. Gannett's has no legal or equitable interest whatsoever in the FAA Type Certificates at issue. (Doc. 110.) This finding is dispositive to the issues presented in NAFTAA's and Weissman's Motions for Summary Judgment against Gannett (Docs. 90, 93, 94). Accordingly, for the reasons stated in the Court's Order, the Court concludes that the issues presented in NAFTAA's and Weissman's Motions for Summary Judgment (Docs. 90, 93, 94) should be and are hereby **DENIED AS MOOT**.[1]

**SO ORDERED**, this   6th   day of August, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[1] The Court also notes that Gannett conceded, in his response to both motions for summary judgment (Doc. 96), that he does not own the Type Certificates at issue (*id.* ¶ 4), and that they were "properly" purchased by NAFTAA (via its predecessor in interest) from storage (*id.* ¶ 7). Gannett states, without authority, that his lien should attach to the Type Certificates nonetheless. (*Id.* ¶ 8.) Gannett could, however, only obtain a judgment lien on property to which the defendants he sued retained title. *NationsBank, N.A. v. Gibbons*, 226 Ga. App. 610, 612 (1997) (additional citations omitted) ("[A] judgment lien begins on the date of entry of judgment and attaches to all property of the defendant owned by him at that time and all property subsequently acquired."); *see also Spear v. Farwell*, 5 Cal. App. 2d 111, 1114 (1935) ("[A] creditor who attaches property for his debt obtains a lien only upon the title or interest which the debtor has in the property at the time of the levy, and if at that time all title and interest has passed from him to a third person, the creditor gets nothing by the levy.") The Judgment submitted by Gannett to clarify his interest reflects that it was entered against Gary Beck, Tracey Beck, and Weatherly Aircraft Company, on June 3, 2008, in the Superior Court of Sacramento County, California. (Doc. 96-1.) This Judgment was not domesticated until August 28, 2008. *NationsBank, N.A.*, 226 Ga. App. at 612 ("Although [a foreign judgment lien] is entitled to full faith and credit, Georgia legal process may not be used to enforce it. That right is acquired by domestication, which makes the foreign judgment a judgment of this state as well.") Gannett does not dispute that Manhattan Storage's foreclosure took place on October 1, 2007, and thus, by August 28, 2008, none of the judgment defendants were in possession of the Type Certificates. Accordingly, Gannett has provided no legal basis for his argument that his judgment lien attached to the Type Certificates.